**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOHN CUNNINGHAM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-3339** |
| **JERRY GOODWIN** | **SECTION "G"(1)** |

### ORDER AND REASONS

Before the Court are Petitioner John Cunningham's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Also before the Court is Petitioner's Motion for Appointment of Counsel.[2] Petitioner, a state prisoner incarcerated in the David Wade Correctional Center in Homer, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3] The Magistrate Judge recommended that the petition be dismissed with prejudice on the merits.[4] Petitioner objects to the Magistrate Judge's recommendation.[5] After reviewing the petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court denies the Motion for Appointment of Counsel, overrules Petitioner's objections, adopts the Magistrate Judge's recommendation, and dismisses this action with prejudice.

---

[1] Rec. Doc. 16.

[2] Rec. Doc. 19.

[3] Rec. Docs. 1, 5.

[4] Rec. Doc. 15.

[5] Rec. Doc. 16.

# I. Background

### A.    *Factual Background*

In 2010, Petitioner was charged in the Orleans Parish Criminal District Court with one count of conspiracy to commit the first-degree murder of David Neiswonger, one count of committing the murder of Neiswonger, and one count of committing the second-degree murder of Jerome Mutin.[6] On June 8, 2012, Petitioner pleaded guilty to two counts of manslaughter.[7] Petitioner was sentenced to consecutive terms of 30 and 40 years imprisonment.[8]

On September 25, 2013, the Louisiana Fourth Circuit Court of Appeal affirmed the convictions and sentences.[9] Petitioner's related writ applications were denied by the Louisiana Supreme Court on April 4, 2014,[10] and by the United States Supreme Court on October 6, 2014.[11]

Petitioner filed an application for post-conviction relief in the state trial court on January 6, 2015.[12] On December 8, 2015, the trial court denied the application.[13] Petitioner's related writ applications were denied by the Louisiana Fourth Circuit Court of Appeal on June 23, 2016,[14] and by the Louisiana Supreme Court on January 9, 2018.[15]

---

[6] Petitioner was prosecuted for the second degree murder under case number 496-306. He was prosecuted for the remaining charges under docket number 499-077.

[7] State Rec., Vol. IX of XVIII, Transcript (Jun. 8, 2012).

[8] *Id.*

[9] *State v. White, et al.*, Case No. 2012-KA-1768 c/w 2013-KA-0106, 2013 La. App. Unpub. LEXIS 601 (La. App. 4th Cir. Sept. 25, 2013); State Rec., Vol. IX of XVIII.

[10] *State v. Cunningham*, 2013-2435 (La. 4/4/14), 135 So. 3d 638; State Rec., Vol. XVIII of XVII.

[11] *Cunningham v. Louisiana*, 135 S. Ct. 128 (2014).

[12] State Rec., Vol. XVI of XVIII, Post-Conviction Relief Application (Mailed on Dec. .

[13] *Id.*

[14] *State v. Cunningham*, No. 2016-K-0312 (La. App. 4 Cir. 6/23/16); State Rec., Vol. XVI of XVIII.

[15] *State ex rel. Cunningham v. State*, 2016-1571 (La. 1/9/18); 232 So. 3d 544; State Rec., Vol. XVI of XVIII.

On March 19, 2018, Petitioner filed the instant federal habeas petition.[16] On July 20, 2018, the State filed a response, arguing that the petition should be dismissed with prejudice.[17] On August 10, 2018, Petitioner filed a reply to the State's response.[18]

**B.    *Report and Recommendation Findings***

The Magistrate Judge recommended that this Court dismiss the petition with prejudice.[19] First, the Magistrate Judge addressed Petitioner's claim that there was insufficient evident to prove him guilty.[20]  The Magistrate Judge found that Petitioner's decision to admit his guilt under oath, after being afforded the opportunity to consult with his counsel, relieved the State of its obligation to prove its case.[21] Therefore, the Magistrate Judge determined that Petitioner waived any claim challenging the sufficiency of the evidence.[22]

Next, the Magistrate Judge addressed the Petitioner's ineffective assistance of counsel claims.[23] The Magistrate Judge found that Petitioner was not entitled to relief on his claim that his counsel failed to move to quash the indictments because that claim is waived by virtue of Petitioner's guilty pleas.[24] Alternatively, the Magistrate Judge found that this claim is meritless because Petitioner failed to show that the underlying facts as alleged by the State did not support

---

[16] Rec. Doc. 1.

[17] Rec. Doc. 13 at 14.

[18] Rec. Doc. 14.

[19] Rec. Doc. 15. As an initial matter, the Magistrate Judge addressed the State's argument that the petition was not timely filed. *Id*. at 2–6. The Magistrate Judge rejected that argument and proceeded to address the claims on the merits. *Id*. at 7–24.

[20] *Id*. at 10.

[21] *Id.*

[22] *Id.*

[23] *Id.* at 10–23.

[24] *Id.* at 13.

the charges.[25] To the extent that Petitioner argued that counsel was ineffective in advising Petitioner as to the validity and strength of the State's case against him, or in failing to mount a vigorous defense to the charges, the Magistrate Judge found that those contentions have no merit and should be rejected.[26] Moreover, the Magistrate Judge determined that Petitioner's counsel did not perform ineffectively by advising Petitioner to plead guilty.[27]

Finally, the Magistrate Judge addressed Petitioner's cumulative error claim.[28] Because Petitioner failed to establish that any individual claim has merit, the Magistrate Judge also found that the cumulative error claim is meritless.[29]

## II. Objections

### A.    Petitioner's Objections

Petitioner objects to the Magistrate Judge's Report and Recommendation.[30] Petitioner contends that the Magistrate Judge erred in finding that his sufficiency of the evidence claim was waived by his guilty plea.[31] According to Petitioner, he did not admit to participating in the murders, but was nevertheless advised to plead guilty by his counsel.[32] Petitioner claims that the evidence presented only showed that he was at the scenes, not that he intended to murder the

---

[25] *Id.* at 14–17.

[26] *Id.* at 19.

[27] *Id.* at 20.

[28] *Id.* at 23–24.

[29] *Id.* at 24.

[30] Rec. Doc. 18.

[31] Rec. Doc. 16. at 1.

[32] *Id.* at 2.

victims.[33] Petitioner posits that "the specific intent of an assassin to murder a victim cannot be automatically [im]puted to a defendant."[34]

Finally, Petitioner requests that this Court review the Magistrate Judge's findings on his ineffective assistance of counsel claim.[35] Petitioner asserts that he does not have access to that specific information and, therefore, cannot properly respond to the denial.[36]

**B.     Motion for Appointment of Counsel**

Petitioner requests that the Court appoint counsel on his behalf.[37] Petitioner contends that appointment of counsel is warranted because he has raised meritorious claims and his current incarceration violates the Constitution.[38]

**C.     State's Opposition**

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

## III. Standard of Review

**A.     Review of the Magistrate Judge's Report and Recommendation**

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[39] The District Judge must

---

[33] *Id.* at 3.

[34] *Id.*

[35] *Id.* at 3–4.

[36] *Id.*

[37] Rec. Doc. 19.

[38] *Id.*

[39] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

"determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[40] The District Court's review is limited to plain error for parts of the report which are not properly objected to.[41]

## B.      Standard of Review Under the AEDPA

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under law."[42] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[43] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[44]

Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:

> A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct

---

[40] Fed. R. Civ. P. 72(b)(3).

[41] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[42] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[43] 28 U.S.C. § 2254(d)(2).

[44] 28 U.S.C. § 2254(d)(1).

governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[45]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[46] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[47]

### IV. Law and Analysis

#### A.    *Sufficiency of the Evidence*

Petitioner objects to the Magistrate Judge's determination that Petitioner is not entitled to relief on the sufficiency of the evidence claim.[48] He asserts that the Magistrate Judge erred in finding that this claim is waived by virtue of Petitioner's guilty plea. Accordingly, the Court reviews this issue *de novo*.[49]

In *Jackson v. Virginia*, the Supreme Court held that an "applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."[50] As the Supreme Court explained:

[T]his inquiry does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable

---

[45] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[46] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[47] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[48] Rec. Doc. 16.

[49] Fed. R. Civ. P. 72(b)(3).

[50] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[51]

It is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."[52] Thus, "[t]he jury's finding of facts will be overturned only when necessary to preserve the fundamental protection of due process of law."[53]

Petitioner challenges the sufficiency of the evidence underlying his conviction. However, Petitioner pleaded guilty to two counts of manslaughter under oath and with the assistance of counsel. "The *Jackson v. Virginia* . . . mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a guilty plea."[54] "A guilty plea intelligently, knowingly, and voluntarily made generally waives all claims relating to events preceding the guilty plea, including constitutional ones, in a subsequent habeas proceeding."[55] "State courts are under no constitutional duty to establish a factual basis for the guilty plea prior to its acceptance, unless the judge has specific notice that such an inquiry is needed."[56]

In objection to the Report and Recommendation, Petitioner contends that his sufficiency of the evidence challenge is not waived by his guilty plea. Petitioner cites *Bousley v. United States* where the Supreme Court opined that "[a] guilty plea is constitutionally valid only to the extent it

---

[51] *Id.* at 319 (emphasis in original) (quotation marks and citations omitted).

[52] *Id.*

[53] *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008) (quotation marks and citations omitted).

[54] *Smith v. McCotter*, 786 F.2d 697, 702–03 (5th Cir. 1986).

[55] *Id.* at 702 (citing *Ellis v. Dyson*, 421 U.S. 426 (1975); *Tollett v. Henderson*, 411 U.S. 258 (1973)).

[56] *Id.* (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1082 (5th Cir. 1985)).

is voluntary and intelligent" and the defendant receives notice of the true nature of the crime.[57] "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."[58] In this case, Petitioner has not presented any evidence to show that his guilty plea was involuntary, unintelligent, or that he did not receive notice of the true nature of the crime. Therefore, Petitioner has not shown that the state court's denial of relief on this issue was contrary to, or an unreasonable application of, clearly established federal law.

## B.   *Ineffective Assistance of Counsel Claim*

The Magistrate Judge found that Petitioner is not entitled to relief on his claims that his counsel failed to move to quash the indictments, failed to adequately advise Petitioner of the elements of each offense, and compelled Petitioner to plead guilty without subjecting the prosecution's case to a meaningful adversarial testing process.[59] Petitioner objects to this determination and requests that this Court "review this claim of error . . . on the entire record."[60] Because Petitioner objects to the Magistrate Judge's recommendation, the Court reviews this issue *de novo*.[61]

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[62] If a court finds that a petitioner fails on either of these two prongs, it may dispose of the

---

[57] *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal citations and quotation marks omitted).

[58] *Id*. at 621 (citing *Mabry v. Johnson,* 467 U.S. 504, 508 (1984)).

[59] Rec. Doc. 15 at 10–23.

[60] Rec. Doc. 16 at 3.

[61] Fed. R. Civ. P. 72(b)(3).

[62] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

ineffective assistance claim without addressing the other prong.[63] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[64] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[65] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[66] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[67] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[68]

The Supreme Court has held that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.[69] To satisfy the prejudice prong, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[70]

In considering Petitioner's claims on federal habeas corpus review that are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—

---

[63] *Id.*

[64] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Matheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[65] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[66] *See Strickland*, 466 U.S. at 689.

[67] *Id.* at 694.

[68] *Id.*

[69] *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

[70] *Id.* at 59.

a substantially higher threshold."[71] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[72] Thus, this standard is considered "doubly deferential" on habeas corpus review.[73]

Petitioner asserts that his counsel was ineffective for failing to move to quash the indictments. However, "a plea of guilty normally waives non-jurisdictional defects in the proceeding prior to the entry of the plea. This rule encompasses purported defects in an indictment."[74] Furthermore, even if this argument was not waived by virtue of Petitioner's guilty plea, the Louisiana Fourth Circuit Court of Appeal held that Petitioner was properly charged in the indictments.[75] Petitioner does not offer any argument to contradict that finding.[76] Accordingly, Petitioner has not shown that his counsel performed ineffectively by failing to move to quash the indictments.[77]

Next, Petitioner argues that his counsel failed to adequately advise him of the elements of each offense, but he does not present any evidence to support this assertion. Moreover, Petitioner contends that his counsel failed to subject the prosecution's case to "a meaningful adversarial

---

[71] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)) (internal quotation marks omitted).

[72] *Id.*

[73] *Id.*

[74] *Simmons v. Morgan*, No. 15- 2298, 2015 WL 5971685, at * 3 (E.D. La. Oct. 14, 2015), (citations omitted), *certificate of appealability denied*, 2017 WL 3623649 (5th Cir. May 22, 2017).

[75] *State v. White, et al.*, Case No. 2012-KA-1768 c/w 2013-KA-0106, 2013 La. App. Unpub. LEXIS 601, at *6–7 (La. App. 4 Cir. Sept. 25, 2013); State Rec., Vol. IX of XVIII.

[76] *See* Rec. Doc. 15 at 14–18.

[77] *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."),

testing process." However, the record does not support such a conclusion. Defense counsel filed numerous pretrial motions challenging various aspects of the state's case and was vigorous in his objections and the cross-examination of the state's witnesses in the days of trial preceding petitioner's decision to plead guilty.

Finally, Petitioner contends that his counsel was ineffective for inducing him to plead guilty to avoid a life sentence. Petitioner asserts that he gained little from the plea bargain because he was sentenced to consecutive terms of thirty-years and forty-years imprisonment. The fact that the sentences would be consecutive was explained to Petitioner by the trial court during the plea colloquy.[78] Moreover, by accepting the plea agreement, Petitioner retained his eligibility for future parole and avoided the possibility of a mandatory life sentence without parole. Petitioner does not present any evidence to show that he was illegally coerced into entering the plea agreement. Therefore, the Court concludes that the state court's denial of relief on Petitioner's ineffective assistance of trial counsel claims was not contrary to or an unreasonable application of Supreme Court law.

## C.  *Cumulative Error*

The Magistrate Judge recommended that the Court dismiss Petitioner's cumulative error claim because Petitioner has not shown that any individual claim is meritorious.[79] Petitioner does not object to this portion of the Report and Recommendation.[80] Reviewing for plain error, and finding none, the Court adopts the Magistrate Judge's recommendation.

---

[78] State Rec., Vol. IX of XVIII, Transcript of June 8, 2012, pp. 10–11.

[79] Rec. Doc. 15 at 23–24.

[80] Rec. Doc. 16.

### C.      *Motion for Appointment of Counsel*

Petitioner requests that the Court appoint counsel on his behalf.[81] Petitioner contends that appointment of counsel is warranted because he has raised meritorious claims and his current incarceration violates the United States Constitution.[82]

There is no constitutional right to court-appointed counsel in a federal habeas proceeding.[83] However, the Court may appoint counsel to represent financially eligible persons when "the interests of justice so require."[84] In most cases, appointed counsel is not required unless there is a need for an evidentiary hearing.[85] Pursuant to the Rules Governing Section 2254 cases, the Court must appoint counsel for a financially eligible person if an evidentiary hearing is required.[86] However, "[t]hese rules do not limit the appointment of counsel under Sec. 3006A at any stage of the proceeding."[87] Here, the Court has determined that Petitioner is not entitled to relief on his claims without the need for an evidentiary hearing. Moreover, Petitioner has not shown that the interests of justice require that counsel be appointed on his behalf.

### V. Conclusion

For the reasons stated above, Petitioner has not shown that the state court's denial of relief on his sufficiency of the evidence or ineffective assistance of counsel claims was contrary to, or

---

[81] Rec. Doc. 19.

[82] *Id.*

[83] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (noting that the Court has "never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions" because "the right to appointed counsel extends to the first appeal of right, and no further ").

[84] *See* 18 U.S.C. § 3006A(a)(2)(B).

[85] *United States v. Vasquez*, 7 F.3d. 81 (5th Cir.1993) (once it is determined that an evidentiary hearing is needed in a habeas corpus action, the appointment of counsel is mandatory).

[86] *See* Rules Governing Section 2254 Cases, Rule 8(c).

[87] *Id.*

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Moreover, Petitioner has not shown that the interests of justice require that counsel be appointed on his behalf. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Appoint Counsel is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's objections are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner John Cunningham's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this _____19th_____ day of July, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**